**In re the Petition for DISCIPLINARY ACTION AGAINST John E. MACK, an Attorney at Law of the State of Minnesota.**

No. CX–90–2713.

Supreme Court of Minnesota.

Oct. 23, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent John E. Mack has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent misappropriated client funds by making unauthorized payments to himself from funds held on the client's behalf; that respondent failed to make interest payments to the Lawyers Trust Account Board, thereby misappropriating the interest to his own use; that respondent regularly deposited funds belonging exclusively to himself into his client trust account in order to avoid paying past due withholding taxes to the Internal Revenue Service; that respondent failed to keep trust account books and records required by Lawyers Professional Responsibility Board Amended Opinion No. 9 and the applicable disciplinary rules and that respondent falsely certified to this court that he maintained such books and records; that respondent allowed his non-attorney employee and a non-attorney associate improperly to sign trust account checks and/or deposit and withdraw funds from the trust account; that respondent served and filed a client's answers to interrogatories, knowing that the client had answered at least one of the interrogatories falsely; that respondent disbursed certain settlement proceeds prior to receiving or even petitioning the court for an order authorizing disbursement of such proceeds; that respondent regularly shared fees with a non-lawyer who investigated and negotiated matters on respondent's behalf, despite the non-lawyer's failure to provide documentation as to time spent or expenses incurred; that respondent failed to report the payments made to this non-lawyer to either the Internal Revenue Service or the Minnesota Department of Revenue; and that respondent filed false reports with the Internal Revenue Service and the Minnesota Department of Revenue, understating the compensation paid to respondent's secretary.

On August 29, 1991, a hearing was held before the referee in this matter at which hearing the respondent entered into a stipulation for discipline with the Director. Thereafter, the referee submitted his findings of fact, conclusions of law and recommendation, incorporating the parties' stipu-

lation. The referee states that, pursuant to the stipulation, respondent withdrew his previously submitted answers, waived further procedures before this court, and joined with the Director in recommending that this court indefinitely suspend respondent for a minimum of 21 months, pursuant to Rule 15, Rules on Lawyers Professional Responsibility. The respondent also agreed to the imposition and payment of costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility. As part of his findings of fact, the referee lists several mitigating factors including the following: that respondent's misappropriation of client funds occurred over a short period of time and that respondent repaid the misappropriated amount before the misappropriation came to the attention of the Director's Office; that none of respondent's clients filed a complaint with regard to respondent, but that respondent's misconduct came to light only as the result of a random trust account audit; that respondent cooperated with the Director's Office in its investigation; that respondent has reimbursed fully the Lawyers Trust Account Board for the misappropriated interest; that respondent has reviewed his tax reporting practices and has brought himself in compliance with the law; and that, according to respondent, respondent has done extensive *pro bono* work and has taken difficult cases on behalf of clients who could not afford to fully compensate him for his time.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the referee's report incorporating the stipulation of the parties, NOW ORDERS:

1. That the respondent, John E. Mack, hereby is indefinitely suspended from the practice of law, effective November 15, 1991, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent shall not be eligible for reinstatement for a period of at least 21 months from the date of this order, but that respondent may file a petition for reinstatement with this court as early as 60 days before the expiration of this 21 month period.

3. That the respondent shall pay to the Director the sum of $750 in costs, plus disbursements, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.