**In re Petition for Reinstatement to the Practice of Law of John E. MACK, Petitioner.**

**No. CX–90–2713.**

Supreme Court of Minnesota.

Feb. 13, 1996.

*ORDER*

WHEREAS, petitioner John E. Mack was suspended from the practice of law, *In Re Disciplinary Action Against Mack*, 476 N.W.2d 893 (Minn.1991), and his suspension was extended, *In Re Discipline of Mack*, 519 N.W.2d 900 (Minn.1994); and

WHEREAS, petitioner has applied for reinstatement to the practice of law; and

WHEREAS, a panel of the Lawyers Professional Responsibility Board held a hearing on the petition for reinstatement, following which the panel issued findings of fact, conclusions of law and a recommendation, among which was a finding that petitioner has recognized the seriousness of his misconduct and has expressed sincere remorse for any harm caused and conclusions that petitioner has undergone a moral change and is conscious of the wrongfulness of his conduct and is presently of good moral character to an extent exceeding that required for initial admission to the bar and a recommendation that petitioner be reinstated subject to conditions; and

WHEREAS, the Director of the Office of Lawyers Professional Responsibility agrees with the recommendation of the panel; and

WHEREAS, this court has independently reviewed the record and agrees with the panel's recommendation;

IT IS HEREBY ORDERED that John E. Mack be reinstated to the practice of law subject to the following recommended conditions:

1. Petitioner shall not engage in solo practice of law until further order of this court.

2. Petitioner shall not be placed on active status until the Board on Continuing Legal Education has certified that he is current with CLE requirements.

3. Petitioner shall be placed on supervised probation for a period of 2 years. Petitioner shall be supervised by a licensed Minnesota attorney approved by the Director's Office. Petitioner shall provide his supervisor with a monthly inventory of client files on which he is working. Petitioner's supervisor shall report to the Director's Office at least quarterly regarding petitioner's compliance with the terms of his probation.

4. Petitioner shall timely file state and federal individual income tax returns and pay the taxes thereon when due.

5. Petitioner shall remain current in his payment agreement with the taxing authorities.

6. Petitioner shall provide authorizations to the Director's Office in order to enable it to monitor the terms of his probation.

BY THE COURT:

/s/ <u>Mary Jeanne Coyne</u>
Mary Jeanne Coyne
Associate Justice